UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FREDDRICK T. POLLARD,

        Plaintiff,

        v.                                         Case No. 20-C-1868

KIMBERLY NIKOLAI, et al.,

        Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

---

Freddrick T. Pollard, who is representing himself, is proceeding with a claim that defendants Kimberly Nikolai, Tom Larson, Terrence Jaeger, and Adam Baltz failed to protect him from an inmate on his unit whose daughter received a "sexually explicit letter" from Pollard. Dkt. No. 10. Along with his original complaint, Pollard filed a motion for a preliminary injunction and motion for a temporary restraining order explaining that he is still at risk of attack from other inmates at the institution and asking the Court to order immediate transfer to another institution. Dkt. No. 7.

The defendants filed a response to the motion explaining that Pollard was attacked on September 13, 2020, but he was promptly moved to a different unit after the attack, and he has not been attacked since. Dkt. No. 13 at 2. Supervisor Joli Grenier and Captain Tom Larson also interviewed Pollard on March 17, 2021, to give him an opportunity to identify any current perceived threats to his safety. *Id*. Pollard said that no one had directly threatened him and that he did not feel threatened by anyone in particular. *Id*. Pollard was then given a document called

"DOC-1803 Inmate Request for Separation" in case he wanted to request separation from other inmates. *Id*.

The defendants explain that it would be administratively impossible to move an inmate to a new unit or a new institution every time he perceives a "generalized" risk of conflict. *Id*. Prison is a challenging environment and the possibility of conflict is ever-present. *Id*. The defendants, therefore, require inmates to file a separation request with specific information such as names, dates, and details of the perceived threat to safety. *Id*. Without such information, security staff cannot investigate whether separation is necessary based on an existing, specific threat. *Id.* Pollard has never filed a separation request as to any other inmate. *Id*.

To obtain preliminary injunctive relief, whether through a preliminary injunction or a temporary restraining order, Pollard has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. Fed. R. Civ. P. 65(b); *see also Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012) (citing *Am. Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 589-90 (7th Cir. 2012)). In the context of prisoner litigation, there is an additional requirement that injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); *see also Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012).

Based on the defendants' response, the Court is satisfied that transfer to another institution is not the least intrusive means necessary to correct the perceived harm. If Pollard perceives a threat to his safety, he should first file a DOC-1803 Inmate Request for Separation form, so the defendants can investigate the situation and determine whether they need to separate him from

other inmates. The Court notes that Pollard did not reply to, or otherwise dispute, any of the defendants' statements in their response brief. The Court will therefore deny Pollard's motion for a preliminary injunction and motion for temporary restraining order.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for a preliminary injunction and motion for temporary restraining order (Dkt. No. 7) are **DENIED**.

Dated at Green Bay, Wisconsin this 26th day of April, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge