UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDDRICK T. POLLARD,

        Plaintiff,

     v.                                     Case No. 20-C-1868

KIMBERLY NIKOLAI, *et al.*,

        Defendants.

## DECISION AND ORDER

Plaintiff Freddrick T. Pollard, who is representing himself, is proceeding with a claim that defendants Terrence Jaeger, Kimberly Nikolai, Tom Larson, and Adam Baltz violated the Eighth Amendment. Dkt. No. 10 at 7. On June 14, 2021, Defendant Nikolai filed a motion for summary judgment based on Pollard's failure to exhaust administrative remedies regarding his claim that Nikolai allegedly put him at risk by telling other inmates that he was a sex offender. Dkt. No. 18. The motion is fully briefed and ready for resolution. For the reasons explained below, the Court will grant the motion and dismiss the claims against Nikolai from the case.

## BACKGROUND

The incident giving rise to this lawsuit occurred sometime in September 2020. *See* Dkt. No. 10 at 3-4. On or around September 28, 2020, Pollard submitted inmate complaint RGCI-2020-16735 regarding his claim against Nikolai. Dkt. No. 20, ¶2; *see also* Dkt. No. 21-2 at 8. Pollard stated, "C.O. [Nikolai] acted unprofessionally in so many ways, she have no right telling no one about me in no kind of way." Dkt. No. 21-1 at 8. He further stated, "I was told by inmates that C.O. Nikolai had told them that I was a sex offender and that they should not show me any photos of children and to lock up any personal information." *Id*.

The Institution Complaint Examiner (ICE) "rejected" the inmate complaint on October 21, 2020, because Pollard failed to provide enough information to investigate or validate the allegations against Nikolai. Dkt. No. 20, ¶3; *see also* Dkt. No. 21-2 at 2-3. Specifically, ICE concluded that Pollard's complaint was too vague and only provided "secondhand information" about Nikolai's conduct that he heard through other inmates. Dkt. No. 21-2 at 2. Pollard did not witness the conduct himself nor did he identify the other inmates who did allegedly witness the conduct. *Id*.

According to Pollard, he received the "rejection notice" on October 27, 2020, because he was in Temporary Lockup (TLU) at the time the ICE decision was issued. Dkt. No. 25, ¶¶1-4. Pollard then filled out an appeal form and "stuck it out his door as out-going mail" on October 29, 2020. Dkt. No. 24, ¶13; *see also* Dkt. No. 21-2 at 9. The appeal stated, "Unit Manager Jaeger interviewed my cellmate and this inmate corroborated the information I provided concerning C.O. Nikolai . . . so, the ICE does in fact have people/information and other facts to investigate." Dkt. No. 21-2 at 9. The Reviewing Authority (RA) received the appeal on November 2, 2020, and it "rejected" it as untimely filed. Dkt. No. 20, ¶4; *see also* Dkt. No. 21-2 at 5.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and make all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that

there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *See Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citing *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019)). "The primary justification for requiring prisoners to exhaust administrative remedies is to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006); *Schillinger v. Kiley*, 954 F.3d 990, 995–96 (7th Cir. 2020)).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Wisconsin has established the Inmate Complaint Review System (ICRS) to review inmate grievances. Wis. Admin. Code §DOC 310.05. Inmates must file an inmate complaint with the ICE within 14 calendar days of the relevant occurrence. Wis. Admin. Code §§DOC 310.03(5); 310.07(2). "At the discretion of the ICE, a late complaint may be accepted for good cause." §DOC 310.07(2). "An inmate shall request to file a late complaint in the written complaint and explicitly provide the reason for the late filing." *Id*. ICE may reject an inmate complaint for a variety of reasons including failure to provide sufficient information to support a complaint and submitting the complaint "beyond 14 days after the date of the occurrence giving rise to the complaint and provid[ing] no good cause" for extending the time limits. §DOC 310.10(6)(d)-(e). An inmate may appeal a rejection to the RA within 10 calendar days, and the RA's decision is final. §§DOC 310.03(5); 310.10(10).

An inmate complaint that is "rejected" based on a procedural defect does not fulfill the exhaustion requirement. *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). This is true because "the benefits of exhaustion" can be realized only if the prison grievance system is given a fair opportunity to consider the grievance on the merits. *Woodford v. Ngo,* 548 U.S. 81, 95 (2006). If noncompliance with the procedural rules "carries no significant sanction," a prisoner who does not want to participate in the prison grievance system "will have little incentive to comply with the system's procedural rules." *Id*. Indeed, the prisoner would be able to file deficient inmate complaints then proceed directly to federal court, wholly bypassing the institution's review of the merits. *Id*. Failure to allege sufficient facts is a procedural defect because it does not allow the institution to investigate and resolve the merits of a claim. *See McSwain v. Schrubbe*, No. 08-C-157, 2009 WL 728453, at *2 (E.D. Wis. Mar. 17, 2009), aff'd, 382 F. App'x 500 (7th Cir. 2010).

Nikolai asserts that she is entitled to summary judgment because the original inmate complaint Pollard filed regarding her conduct was "rejected" on October 21, 2020, because it did not provide enough information to investigate the claims; and the appeal of that rejection was also "rejected" as untimely filed on November 2, 2020, more than 10 calendar days after October 21, 2020. Dkt. No. 19. Pollard does not appear to dispute that the original inmate complaint was rejected for lack of information to investigate the claims, *see* Dkt. No. 23.

Pollard instead focuses his opposition brief on the fact that it was not his fault that the appeal was untimely filed on November 2, 2020. Dkt. No. 23 at 3-4. But although Pollard *now* alleges that he had good cause for his untimely filing, i.e., that he was in Temporary Lockup at the time the ICE decision was issued, and he *now* alleges that he placed his documents in the prison mailbox on October 29, 2020 (two days after he received the rejection notice on October 27, 2020), he did not explain either of these things in the original submission. *See* Dkt. No. 21-2 at 9. Because Pollard did not explicitly provide a reason for the late filing, as he was required to do under §DOC 310.07(2), or affirmatively invoke the prison mailbox rule by including a declaration which set forth the date of deposit, as required by *Ingram v. Jones*, 507 F.3d 640, 644 (7th Cir. 2007), the RA did not know to review the issue of whether good cause existed and/or whether to apply the prison mailbox rule to a submission that was untimely filed on November 2, 2020.

Stated differently, the institution is not required to *assume* that the good cause exception and/or prison mailbox rule applies in every case, nor is it required to *assume* that the date a filing is signed is the same date that it was placed in the prison mailbox for delivery. *See, e.g.*, *Harris v. Schaller*, 830 F. App'x 787, 788 (7th Cir. 2020) ("A prisoner invoking the [prison mailbox] rule must prove the date that he deposited his filing with the prison's legal-mail system in one of two ways . . . . He must submit either (1) a declaration under penalty of perjury of the date of deposit

with proper postage or (2) 'evidence (such as a postmark or date stamp) showing that the paper was so deposited and that postage was prepaid.'" (citing *May v. Mahone*, 876 F.3d 896, 898 (7th Cir. 2017))). Instead, inmates are required to affirmatively invoke the good cause exception and/or the prison mailbox rule by explicitly saying so in the original submission and providing relevant dates, declarations, and documentary proof. *See Ingram*, 507 F.3d at 644 (concluding that a prisoner may only receive the benefit of the prison mailbox rule if he complies with its requirements, which includes filing a declaration or notarized statement); *see also Taylor v. Brown*, 787 F.3d 851, 860 (7th Cir. 2015) (noting that "prisoners are often required to submit a notarized affidavit attesting to the circumstances of the filing . . . and sometimes additional documentary or testimonial evidence is required."). Pollard failed to do this. Therefore, the RA properly rejected the appeal as untimely filed, and the Court cannot now arrive at a different conclusion based on evidence that was not presented to the RA at the relevant time. *See, e.g.*, *Brown v. Picknell*, No. 20-2904, 2021 WL 3028152, at *2 (7th Cir. July 19, 2021) ("Although [the plaintiff] now swears that he met the deadline (under the prison mailbox rule) by sending those materials on April 28, we cannot consider on appeal evidence that he did not present to the district court.").

Based on the undisputed evidence, the Court concludes that Pollard's original inmate complaint was "rejected" based on a procedural defect and his appeal was "rejected" as untimely filed. The Court further notes that Pollard does not identify any other evidence that the Court should consider in resolving the motion. Based on the undisputed record, the Court is satisfied that Nikolai is entitled to summary judgment based on failure to exhaust administrative remedies. The Court will therefore grant the motion for partial summary judgment and will dismiss the claims against Nikolai from this case.

6

## CONCLUSION

For these reasons, Defendant Nikolai's motion for summary judgment based on failure to exhaust administrative remedies (Dkt. No. 18) is **GRANTED** and Nikolai is **DISMISSED** from this case.

**SO ORDERED** at Green Bay, Wisconsin this 1st day of October, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
